UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MFS SERIES TRUST I, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>Defendants. | Civil Case No. 2:21-cv-05839-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |
| BRIGHTHOUSE FUNDS TRUST II –<br>MFS® VALUE PORTFOLIO and<br>BRIGHTHOUSE FUNDS TRUST II –<br>MFS® TOTAL RETURN PORTFOLIO,<br><br>Plaintiffs,<br><br>v.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>Defendants. | Civil Case No. 2:22-cv-00865-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

**STATUS REPORT OF DIRECT ACTION PLAINTIFFS AND THIRD PARTY
ERIC LYCAN**

In accordance with the Court's September 20, 2023 Order, Direct Action Plaintiffs and third party Eric Lycan hereby submit this joint status report concerning their remaining disputes regarding the sufficiency of Lycan's response to Plaintiffs' March 14, 2023 subpoena.

**I.     Plaintiffs' Position**

After months of ignoring Plaintiffs' subpoena and their repeated efforts to meet and confer in good faith, Lycan finally produced 2,269 documents to Plaintiffs on September 8, 2023, only after Plaintiffs filed a motion to compel.

On September 27, 2023, counsel for Plaintiffs and counsel for Lycan met and conferred by telephone. During the call, Lycan's counsel confirmed Lycan had collected responsive client files from his prior law firm to compile his production, and represented that he is not withholding documents in response to the subpoena on any basis other than privilege. Lycan also produced a privilege log that lists many hundreds of documents he is withholding from production.

Lycan's belated production and representation narrows the parties' dispute to one issue: whether Lycan can assert privilege over his communications with, or work for, Generation Now, the sham 501(c)(4) entity that pled guilty to the bribery scheme at the center of this litigation. In its guilty plea in the criminal proceedings involving former Ohio House Speaker Larry Householder, Generation Now expressly admits it "was organized at [Householder's] direction for the benefit of HOUSEHOLDER and the HOUSEHOLDER Enterprise, knowing that the purpose of GENERATION KNOW was for it to be used as a mechanism to receive undisclosed donations to benefit HOUSEHOLDER and advance HOUSEHOLDER's efforts to become Speaker of the Ohio House of Representatives." ECF 96-3, Statement of Facts.

Plaintiffs contend documents reflecting Lycan's work for Generation Now cannot be withheld on the basis of privilege, for two independent reasons. *First*, Mr. Lycan waived all objections, including privilege or work product protection, because he failed to timely respond to Plaintiffs' subpoena or provide a written response detailing his objections. *See* ECF 96 (summarizing history); *Hartford Cas. Ins. Co. v. Calcot, Ltd.*, 2009 WL 10699695, at *4 (W.D. Tenn. Apr. 7, 2009) (failure by defendants and third party to timely serve objections resulted in waiver of "any objection to the subpoena duces tecum, including attorney-client privilege"). *Second*, the crime-fraud exception applies to all Generation Now documents given that entity's

  
admission that the purpose of its existence was to further the criminal enterprise involving Householder and FirstEnergy.[1]

While Plaintiffs submit the present record plainly demonstrates Lycan waived any privilege objection that may otherwise have applied to the withheld documents, neither this issue nor the crime-fraud question has been briefed in detail. Plaintiffs accordingly propose these remaining disputes be addressed through modest supplemental briefing—specifically, Plaintiffs would file a brief of up to 10 pages by October 18, 2023, Lycan would file a response of up to 10 pages by November 8, 2023, and Plaintiffs would file a reply of up to 5 pages by November 15, 2023.

## II.    Lycan's Position

Contrary to Plaintiffs' counsel's assertions, Mr. Lycan, through counsel, repeatedly met and conferred with plaintiffs' counsel regarding the subpoenas at issue.

Regarding the attorney-client privilege issue, it is "well established…that the attorney-client privilege attaches to corporations as well as to individuals." *Commodity Futures Trading Commission v. Wientraub, 471 U.S. 343, 348 (1985) citing Upjohn Co. v. United States*, 449 U.S. 383 (1981). "[T]he power to waive the attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Id.* The attorney-client privilege in this matter belongs to Generation Now, Inc. It is not Mr. Lycan's privilege to waive. He is duty bound to assert it on behalf of his former client.

Regarding the crime-fraud exception, the plaintiffs will be required to supply evidence to the court supporting the existence of the crime-fraud exception. "To drive the privilege away, there

---

[1] On the September 27, 2023 meet and confer, Plaintiffs' counsel asked Lycan's counsel to identify which entries on the privilege log asserted a privilege belonging to Generation Now. Lycan has refused to provide this information. Without this information, neither Plaintiffs nor the Court can distinguish withheld Generation Now documents from withheld documents relating to Lycan's work for other legal entities, such as the Coalition for Growth and Opportunity. *See* Ex. XX (privilege logs).

must be 'something to give colour to the charge'; there must be 'prima facie evidence that it has some foundation in fact.'" *Clark v. United States*, 289 U.S. 1, 15 (1933) quoting *O'Rourke v. Darbishire*, (1920) A.C. 581, 604. The loss of the privilege does not "depend upon the showing of a conspiracy, upon proof that the client and attorney are involved in equal guilt. The attorney may be innocent, and still the guilty client must let the truth come out." *Id.* The plaintiffs "must make a prima facie showing that a sufficiently serious crime or fraud occurred to defeat the privilege." *In re Antitrust Grand Jury*, 805 F.2d 155, 164 (6th Cir. 1986). Then, they "must establish some relationship between the communication at issue and the *prima facie* violation." *Id.*

In short, Mr. Lycan agrees that further briefing is needed on this issue, and agrees to the briefing schedule proposed by Plaintiffs.

Dated: October 4, 2023        Respectfully submitted,
By: */s Matthew L. Fornshell*

ICE MILLER LLP

Matthew L. Fornshell (0062101)
TRIAL ATTORNEY
Nicole R. Woods (0084865)
250 West Street, Suite 700
Columbus, OH 43215-7509
Tel.: (614) 462-1061
Fax: (614) 222-3692
matthew.fornshell@icemiller.com
nicole.woods@icemiller.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
John T. Nicolaou (admitted *pro hac vice*)
Gabriel A. Panek (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.:  (212) 355-9500
Fax:  (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
jnicolaou@lchb.com
gpanek@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
Bruce W. Leppla (admitted *pro hac vice*)
Sharon M. Lee (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.:  (415) 956-1000
Fax:  (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com
slee@lchb.com

*Attorneys for Direct Action Plaintiffs*


Respectfully submitted,

*/s/ Kevin M. Tierney*
Kevin M. Tierney (0072533)
**RITTGERS RITTGERS & NAKAJIMA**
3734 Eastern Avenue
Cincinnati, Ohio  45226
Telephone: (513) 932-2115
kevin@rittgers.com

*Counsel for Non-Party, Eric Lycan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically on October 4, 2023. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew L. Fornshell*

Matthew L. Fornshell